UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State Farm Fire and Casualty Company a/s/o Randy Lingen,<br><br>       Plaintiff,<br><br>vs.<br><br>CNH Industrial America LLC and Titan Machinery Inc.,<br><br>       Defendants. | Court File No.:<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION & VENUE

1.      Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) as Plaintiff State Farm Fire and Casualty Company a/s/o Randy Lingen ("State Farm"), Defendant CNH Industrial America LLC ("CNH"), and Defendant Titan Machinery Inc. ("Titan") are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.      Venue is proper within this jurisdiction pursuant to 28 U.S.C. § 122 because the situs of the incident occurred in Balaton, Minnesota.

## PARTIES

3.      At all times relevant, State Farm is a foreign corporation licensed to do business and sell insurance in the State of Minnesota.

4.      Defendant CNH is a foreign limited liability company organized under the laws of Delaware with its principal executive office address at 700 State Street, Racine, Wisconsin.  At all relevant times, Defendant CNH was engaged in the business of designing, manufacturing, distributing and selling farm equipment and implements, including but not limited to tractors.

5. Defendant Titan is a foreign business corporation organized under the laws of Delaware with its principal executive office address at 644 East Beaton Drive, West Fargo, North Dakota. At all relevant times, Defendant Titan was engaged in the business of selling, maintaining and repairing farm equipment and implements, including but not limited to tractors.

6. At all times relevant, Randy Lingen ("Lingen") owned real and personal property located at or near 2108 50th Avenue, Balaton, Minnesota 56115-1124.

7. At all times relevant, Lingen held a policy of insurance with State Farm, which provided amongst other items, coverage for damage to a Case 321E Payloader, Serial No. NDHP00095 ("Payloader").

**FACTS**

8. Upon information and belief, Defendant CNH was and/or is the manufacturer of the Payloader.

9. In 2013 Lingen purchased the Payloader from Defendant Titan with a warranty from Defendant CNH.

10. On or about September 12, 2014, Defendant Titan performed warranty work on the Payloader's parking brake system.

11. On or about October 12, 2014, the Payloader, having been used in the morning, experienced continued parking brake system problems. Lingen parked the Payloader and notified Defendant Titan of the ongoing parking brake system problems. While parked, the Payloader started on fire.

12. Subsequent investigation involving all parties revealed the fire was caused due to a malfunction of the Payloader's parking brake system.

13. As a result of the fire, the Payloader was destroyed and Lingen suffered damages in an amount in excess of $75,000.00.

14. Pursuant to the terms and condition of the insurance policy referenced in paragraph 7 of this Complaint, State Farm was obligated to and did, in fact, pay an amount in excess of $75,000.00 to or on behalf Lingen for damages incurred as a result of the Payloader fire.

15. Pursuant to the terms and conditions of the insurance policy identified in paragraph 7 of this Complaint, and by virtue of its payments to the Insured for damages incurred as a result of the Payloader fire, State Farm is subrogated to all rights, claims and causes of action Lingen may have against Defendants in connection with the fire

## CLAIMS AGAINST DEFENDANT TITAN

## COUNT I – NEGLIGENCE

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint, as if fully set forth in this Count I.

17. At all relevant times, Defendant Titan owed Lingen a duty to exercise reasonable skill and care in repairing the Payloader.

18. Notwithstanding this duty, and in breach thereof, Defendant Titan, by and through its employees, agents, and/or representatives, was otherwise careless and negligent in the repair of the Payloader.

19. As a direct and proximate result of the negligence of Defendant Titan, a fire originated within the Payloader and damaged or destroyed the Payloader.

20. As a result of said fire, State Farm suffered the damages described in paragraph 14, above.

## **CLAIMS AGAINST DEFENDANT CNH**

### **COUNT I – NEGLIGENCE**

21. State Farm incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint, as if fully set forth in this Count I.

22. At all relevant times, Defendant CNH owed Lingen a duty to exercise reasonable skill and care in designing, manufacturing, assembling, testing, inspecting, distributing and selling the Payloader.

23. Notwithstanding this duty, and in breach thereof, Defendant CNH, by and through its employees, agents, and/or representatives, was otherwise careless and negligent in the design, manufacture, assembly, testing, inspection, distribution and/or sale of the Payloader.

24. As a direct and proximate result of the negligence of Defendant CNH, a fire originated within the Payloader and damaged or destroyed the Payloader.

25. As a result of said fire, State Farm suffered the damages described in paragraph 14, above.

### **COUNT II – STRICT PRODUCT LIABILITY**

26. State Farm incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint, as if fully set forth in this Count II.

27. Upon information and belief, the Payloader was defective and unreasonably dangerous when it left Defendant CNH's control and was placed into the stream of commerce.

28. Upon information and belief, the Payloader reached Lingen without substantial change.

29. At all relevant times, Lingen used the Payloader for its reasonably foreseeable and intended purpose.

30. When the Payloader left Defendant CNH's control and was placed into the stream of commerce, it was unreasonably dangerous and defective.

31. As a direct and proximate result of the aforementioned defect and/or unreasonably dangerous conditions of the Payloader, a fire originated within the Payloader and damaged or destroyed the Payloader.

32. As a result of said fire, State Farm suffered the damages described in paragraph 14, above.

## COUNT III – FAILURE TO WARN

33. State Farm incorporates by reference the allegations contained in paragraphs 1 through 32 of this Complaint, as if fully set forth in this Count III.

34. Defendant CNH negligently failed to provide Lingen with reasonable warnings of defects and hazards which it knew or should have known were present in the Payloader described herein.

35. As a direct and proximate result of the aforementioned failure to warn, State Farm suffered damages described hereinabove.

36. As a result of said fire, State Farm suffered the damages described in paragraph 14, above.

## COUNT IV – BREACH OF WARRANTIES

37. State Farm incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint, as if fully set forth in this Count IV.

38. Defendant CNH expressly or impliedly warranted the fitness and merchantability of the Payloader described herein.

39.     Defendant CNH has breached the aforementioned express or implied warranties of fitness and merchantability.

40.     Said breaches of warranties were a direct and proximate cause of State Farm's damages described hereinabove.

WHEREFORE, Plaintiff State Farm Fire and Casualty Company a/s/o Randy Lingen, respectfully requests that judgment be entered in its favor and against Defendants CNH Industrial America LLC and Titan Machinery Inc., jointly and severally, in an amount in excess of $75,000.00, plus costs, and for such other or further relief as this Court deems equitable and just.  Plaintiff State Farm Fire and Casualty Company a/s/o Randy Lingen requests a trial by Jury.

Dated:   8 Jan 2016                                    **YOST & BAILL, LLP**

By    /s/ David J. Taylor
David J. Taylor (#0305790)
Michelle D. Hurley (#328157)
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN  55402
612.338.6000 – telephone
612.344.1689 – facsimile
dtaylor@yostbaill.com
mhurley@yostbaill.com

*ATTORNEYS FOR PLAINTIFF*